IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-cr-264-MEF |
| | ) | (WO) |
| JAMES LINDY ARGO | ) | |

## **O R D E R**

On October 13, 2006, the defendant filed a Motion to Continue (Doc. #85). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motion states that the initial discovery is voluminous and defendant's counsel has just received 20 or more CD's and the debriefing statement of one of the co-defendants in this case. The defendant and the government are negotiating the terms and conditions of a plea agreement and will need a continuance to work out the agreement. The government does not

opposed a continuance. Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendant's motion filed on October 13, 2006 is GRANTED;

2. That the trial of this defendant is continued from the October 24, 2006 trial term to the November 27, 2006 trial term.

3. That the Magistrate Judge conduct a pretrial conference prior to the November 27, 2007 trial term.

DONE this the 16th day of October, 2006.

>    /s/ Mark E. Fuller
>    CHIEF UNITED STATES DISTRICT JUDGE